UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILFREDO LOPEZ,

                        Plaintiff,

v.                                      Case No. 3:13-cv-1604-J-34MCR

ADVANCED MEDICAL OPTICS,
et al.,

                        Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Wilfredo Lopez, an inmate of the Florida penal system who is proceeding in forma pauperis, initiated this action by filing a Civil Rights Complaint (Complaint) (Doc. #1) on December 23, 2013, in the Fort Myers Division of this Court. The Court transferred the case to this division on December 27, 2013. In the Complaint, Lopez names the Florida Department of Corrections, Advanced Medical Optics (AMO) and Dr. Moore as defendants. He asserts that Dr. Moore performed eye surgery on his left eye on February 22, 2012, and now it "looks surgically wrong," so Lopez covers it with an eye patch. Complaint at 6. As relief, he requests compensatory damages and an order directing the Florida Department of Corrections to fix his eye. Id. at 6-7.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under 42 U.S.C. § 1983.

As previously stated, Plaintiff names the Florida Department of Corrections as a Defendant in this action. State and governmental entities that are considered "arms of the state" are not "persons" subject to liability for purposes of a § 1983 action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).

The Florida Department of Corrections is an arm of the executive branch of state government, and thus is not a person for purposes of § 1983 litigation.

To the extent that Lopez asserts that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, the Eleventh Circuit has explained the requirements for an Eighth Amendment violation.

> "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . ." Farmer, 511 U.S. at 832, 114 S.Ct. at 1976 (internal quotation and citation omitted).[1] Thus, in its prohibition of "cruel and unusual punishments," the Eighth Amendment requires that prison officials provide humane conditions of confinement. Id. However, as noted above, only those conditions which objectively amount to an "extreme deprivation" violating contemporary standards of decency are subject to Eighth Amendment scrutiny. Hudson, 503 U.S. at 8-9, 112 S.Ct. at 1000.[2] Furthermore, it is only a prison official's subjective deliberate indifference to the substantial risk of serious harm caused by such conditions that gives rise to an Eighth Amendment violation. Farmer, 511 U.S. at 828, 114 S.Ct. at 1974 (quotation and citation omitted); Wilson, 501 U.S. at 303, 111 S.Ct. at 2327.[3]

Thomas v. Bryant, 614 F.3d 1288, 1306-07 (11th Cir. 2010).

---

[1] Farmer v. Brennan, 511 U.S. 825 (1994).

[2] Hudson v. McMillian, 503 U.S. 1 (1992).

[3] Wilson v. Seiter, 501 U.S. 294 (1991).

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).  First, the plaintiff must satisfy the objective component by showing that he had a serious medical need.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

> "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).  In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (citation and internal quotations marks omitted).

Brown, 387 F.3d at 1351.

Next, the plaintiff must satisfy the subjective component, which requires the plaintiff to "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson, 598 F.3d at 737 (11th Cir. 2010) (setting forth the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.") (citing Farrow v. West, 320 F.3d at 1245)).

> In Estelle[4], the Supreme Court established that "deliberate indifference" entails more than mere negligence. Estelle, 429 U.S. at 106, 97 S.Ct. 285; Farmer, 511 U.S. at 835, 114 S.Ct. 1970. The Supreme Court clarified the "deliberate indifference" standard in Farmer by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. 1970 (emphasis added). In interpreting Farmer and Estelle, this Court explained in McElligott[5] that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott, 182 F.3d at 1255; Taylor,[6] 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need").

Farrow, 320 F.3d at 1245-46.

Here, Lopez asserts that Defendant Moore was negligent and committed malpractice. A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)

---

[4] Estelle v. Gamble, 429 U.S. 97 (1976).

[5] McElligott v. Foley, 182 F.3d 1248 (11th Cir. 1999).

[6] Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000).

(quotation marks and citation omitted). Lopez has not alleged facts sufficient to state a claim under the Eighth Amendment in that he has not shown that Defendant Moore was deliberately indifferent to his serious medical needs. While Plaintiff's allegations may suggest medical malpractice, "[a]ccidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle, 429 U.S. at 106).

A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. Farmer, 511 U.S. at 834. "Deliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). The Eleventh Circuit has stated:

> For medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). A medical need may be considered serious if a delay in treating it makes it worse. Danley v. Allen, 540 F.3d 1298, 1310 (11th Cir. 2008). To show deliberate indifference to a serious medical need, a plaintiff must demonstrate that defendants' response to the need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor v. Adams, 221 F.3d 1254, 1258 (11th

        Cir. 2000) (citation and internal quotations omitted).

<u>Palazon v. Sec'y for the Dep't of Corr.</u>, 361 F. App'x 88, 89 (11th Cir. 2010) (per curiam).  Here, Lopez's allegations center upon negligence and malpractice during the February 22, 2012 surgical procedure.  Additionally, he fails to provide any facts relating to how AMO violated his federal constitutional rights.

    For the foregoing reasons, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Lopez's right to refile his claim under 42 U.S.C. § 1983 against the proper defendants and with sufficient factual allegations to support a claim under § 1983, if he elects to do so.  The Clerk of Court will be directed to provide a civil rights complaint form and Affidavit of Indigency form to Lopez.  If Lopez chooses to refile a civil rights complaint in this Court to address any alleged federal constitutional violations, he must submit a fully completed civil rights complaint form with an original signature and must submit a copy of the form for each Defendant for service of process.  Moreover, Lopez must either pay the $400.00 filing fee or file a fully completed Affidavit of Indigency form.

    Accordingly, it is now

    **ORDERED AND ADJUDGED:**

    1.   This case is **DISMISSED WITHOUT PREJUDICE**.

    2.   The **Clerk of the Court** shall enter judgment dismissing this case without prejudice.

3. The Clerk of Court shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If Plaintiff elects to initiate a civil rights action, Plaintiff shall *either* file a fully completed Affidavit of Indigency (if Plaintiff desires to proceed as a pauper) **or** pay the $400.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

4. The Clerk of the Court shall close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of April, 2014.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 2/27
c:
Wilfredo Lopez